UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PRISCILLA BROWN,

                           Plaintiff,

                -against-

Police Officer PAUL FARELLA, Shield No. 193; Police Officer WILLIAM KELLY, Shield No. 5349; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.

------------------------------------------------------------- x

CV 12 - 5009

COMPLAINT

Jury Trial Demanded

JOHNSON, J
GO, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Priscilla Brown ("plaintiff" or "Ms. Brown") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Paul Farella, Shield No. 193 ("Farella"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Farella is sued in his individual and official capacity.

8. Defendant Police Officer William Kelly, Shield No. 5349 ("Kelly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelly is sued in his individual and official capacity.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. Defendants have subjected Ms. Brown's home to repeated unlawful entries and searches. Plaintiff was never shown a valid search warrant and is unaware whether such warrant exists.

### *The First Incident*

13. In the early morning hours of April 1, 2011, plaintiff was lawfully present inside her home at 195 Hoyt Street, Apartment 3G, Brooklyn, New York.

14. Defendants stormed into plaintiff's apartment and falsely arrested her, even though she was not found in possession or constructive possession of any contraband allegedly found in the apartment.

15. Defendants did not have arguable probable cause to arrest Ms. Brown.

16. Ms. Brown was taken to a police precinct and held for approximately four hours before being taken to Brooklyn Central Booking.

17. Defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

18. Defendants had not observed plaintiff in possession of any contraband.

19. After spending approximately 18 hours in Central Booking, Ms. Brown was arraigned.

20. At arraignment, the criminal charges were adjourned in contemplation of dismissal and Ms. Brown was released.

### *The Second Incident*

21. On the morning of May 5, 2012, defendants again unlawfully entered plaintiff's home and falsely arrested her.

22. As in the first incident, defendants arrested Ms. Brown even though she was not in possession or constructive possession of any contraband allegedly found in the apartment and defendants were aware that she had committed no crime.

23. Defendants did not have arguable probable cause to arrest Ms. Brown.

24. Ms. Brown was taken to a police precinct and held for approximately seven hours before being taken to Brooklyn Central Booking.

25. Defendants again falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

26. Defendants had not observed plaintiff in possession of any contraband.

27. After spending approximately 12 hours in Central Booking, Ms. Brown was released without seeing a judge.

28. Upon information and belief, the District Attorney declined to prosecute Ms. Brown for the mendacious charges brought against her.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants twice violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants twice violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure to Intervene

36.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct twice observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 5, 2012
         New York, New York

Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*