UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
PRISCILLA BROWN,

                       Plaintiff,

             -against-

Detective PAUL FARELLA, Shield No. 193; Detective WILLIAM KELLY, Shield No. 5349; Lieutenant KEVIN CARLTON, Tax No. 905511, Detective CHRISTOPHER GREINER, Shield No. 1425; Sergeant BRENDON CONNELLY, Shield No. 1242; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 5009 (SJ)(MDG)

## NATURE OF THE ACTION

1) This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2) This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3) The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4) Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5) Plaintiff demands a trial by jury in this action.

## PARTIES

6) Plaintiff Priscilla Brown ("plaintiff" or "Ms. Brown") is a resident of Kings County in the City and State of New York.

7) Defendant Detective Paul Farella, Shield No. 193 ("Farella"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Farella is sued in his individual and official capacity.

8) Defendant Lieutenant Kevin Carlton, Tax No. 905511 ("Carlton"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Carlton is sued in his individual and official capacity.

9) Defendant Detective Christopher Greiner, Shield No. 1425, ("Greiner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Greiner is sued in his individual and official capacity.

10) Defendant Detective William Kelly, Shield No. 5349 ("Kelly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelly is sued in his individual and official capacity.

11) Defendant Sergeant Brendon Connelly, Shield No. 1242 ("Connelly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Connelly is sued in his individual and official capacity.

12) At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13) At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14) At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15) The individually named defendants have subjected Ms. Brown's home to repeated unlawful entries and searches. Plaintiff was never shown a valid search warrant.

### The First Incident

16) In the early morning hours of April 1, 2011, plaintiff was lawfully present inside her home at 195 Hoyt Street, Apartment 3G, Brooklyn, New York.

17) Several New York City Police Officers including defendants Farella, Greiner, Carlton, and several unidentified "John and Jane Doe" defendants, stormed into plaintiff's apartment.

18) Defendants Farella, Greiner, Carlton and the Doe defendants falsely arrested her, even though she was not found in possession or constructive possession of any contraband allegedly found in the apartment.

19) Defendants Farella, Greiner, Carlton and the Doe defendants did not have arguable probable cause to arrest Ms. Brown.

20) Defendants Farella, Greiner, Carlton and the Doe defendants failed to intervene and prevent the unlawful arrest of plaintiff.

21) Defendants Farella, Greiner, Carlton and the Doe defendants then proceeded to ransack the apartment, destroying plaintiff's personal property.

22) Ms. Brown was taken to a police precinct and held for approximately four hours before being taken to Brooklyn Central Booking.

23) Defendants Farella, Greiner, Carlton and the Doe defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

24) Defendants Farella, Greiner, Carlton and the Doe defendants had not observed plaintiff in possession of any contraband.

25) After spending approximately 18 hours in custody, Ms. Brown was arraigned.

26) At arraignment, the criminal charges were adjourned in contemplation of dismissal and Ms. Brown was released from custody.

### The Second Incident

27) On the morning of May 5, 2012, several New York City police officers including defendants Farella, Kelly, Greiner, and Connelly, and unidentified "John and Jane Doe" defendants, again unlawfully entered plaintiff's home.

28) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants falsely arrested her, even though she was not found in possession or constructive possession of any contraband allegedly found in the apartment.

29) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants were aware that she had committed no crime.

30) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants failed to intervene and prevent the unlawful arrest of Ms. Brown.

31) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants then proceeded to ransack the apartment, destroying plaintiff's personal property.

32) Ms. Brown was taken to a police precinct and held for approximately seven hours before being taken to Brooklyn Central Booking.

33) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants again falsely informed employees of the Kings County District Attorney's Office that plaintiff was in possession of contraband and fabricated police paperwork, including an arrest report, to that effect.

34) Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants had not observed plaintiff in possession of any contraband.

35) After spending approximately 12 hours in Central Booking, Ms. Brown was released without seeing a judge.

36) Upon information and belief, the District Attorney declined to prosecute Ms. Brown for the mendacious charges brought against her.

37) Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST INCIDENT CLAIMS

### FIRST CLAIM
**False Arrest**
**(Against Defendants Farella, Greiner, Carlton, and Doe Defendants)**

38) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39) Defendant Farella, Greiner, Carlton and the Doe Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40) As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure to Intervene
**(Against Defendants Farella, Greiner, Carlton, and Doe Defendants)**

41) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42) Defendants Farella, Greiner, Carlton and the Doe Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43) Accordingly, the defendants Farella, Greiner, Carlton and the Doe Defendants, who failed to intervene, violated the Fourth and Fourteenth Amendments.

44) As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

7

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial
**(Against Defendants Farella, Greiner, Carlton, and Doe Defendants)**

45) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46) Defendants Farella, Greiner, Carlton and the Doe defendants created false evidence against Plaintiff.

47) Defendants Farella, Greiner, Carlton and the Doe defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48) In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, defendants Farella, Greiner, Carlton and the Doe defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

49) As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse Of Process
**(Against Defendants Farella, Greiner, Carlton, and Doe Defendants)**

50) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51) The individual defendants issued legal process to place plaintiff under arrest.

52) Defendants Farella, Greiner, Carlton and the Doe defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

53) Defendants Farella, Greiner, Carlton and the Doe defendants acted with intent to do harm to plaintiff without excuse or justification.

54) As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND INCIDENT CLAIMS

### FIFTH CLAIM
**False Arrest**
**(Against Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants)**

55) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56) Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

57) As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene
**(Against Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants)**

58) Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59) Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60) Accordingly, the defendants Farella, Kelly, Greiner, Connelly and Doe Defendants, who failed to intervene, violated the Fourth and Fourteenth Amendments.

61) As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial
**(Against Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants)**

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants created false evidence against Plaintiff.

62. Defendants Farella, Kelly, Greiner, and Connelly and the Doe defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

63. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, defendants Farella, Kelly, Greiner, Connelly and the Doe defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
**Malicious Abuse Of Process**
**(Against Defendants Farella, Kelly, Greiner, Connelly and Doe Defendants)**

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Defendants Farella, Kelly, Greiner, Connelly and the Doe defendants issued legal process to place plaintiff under arrest.

67. Defendants Farella, Kelly, Greiner, Connelly and the Doe defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

68. Defendants Farella, Kelly, Greiner, Connelly and the Doe defendants acted with intent to do harm to plaintiff without excuse or justification.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against all defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.

DATED:    March 15, 2013

New York, New York

                                  _____/s/_____
                                  Katherine E. Smith
                                  299 Broadway, Suite 1501
                                  New York, New York 10007
                                  (347) 470-3707

                                  *Attorney for plaintiff*